

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6978 | **DATE** | 2/7/2011 |
| **CASE TITLE** | Lobrow vs. Village of Port Barrington | | |

**DOCKET ENTRY TEXT**

Defendant Village of Port Barrington's Motion for Sanctions [66], [68], [69] is DENIED.

■ [ Magistrate Judge Denlow]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

    Before the Court is Defendant Village of Port Barrington's Motion for Sanctions under Federal Rule of Civil Procedure 37 against the plaintiff, Bogumila Lobrow. For the following reasons, the defendant's Motion [66], [68], [69] is denied.

    The defendant's Motion stems from a dispute over an April 30, 2010 deposition of Lobrow. The deposition took place pursuant to this Court's order compelling Lobrow to comply with discovery. Lobrow showed up on time. The defendant brought along a Polish translator. The translator was apparently qualified. Lobrow did not dispute the appropriateness of the defendant's use of a translator. The deposition proceeded for roughly two hours. It stopped when Lobrow explained she believed the translator was mistranslating her answers to defense counsel's questions. Lobrow suggested she would be willing proceed with another, more competent translator, saying: "I do want to answer the questions if you give me another intepreter." Defense counsel indicated the translator present was adequate and that a new translator was not an option. Lobrow indicated she would not answer any more questions. Defense counsel said: "Terminate the deposition at the Plaintiff's request."

    The defendant in its Motion argues Lobrow's conduct was "willful, contemptuous," and "without authority." The Court disagrees. Lobrow's conduct was obviously not willful or contemptuous. She complied with the deposition for nearly two hours, and once she decided the translator was incompetent, she simply wanted a new translator. Lobrow, a pro se plaintiff, was under oath and had every reason to want her answers communicated accurately. Moreover, Lobrow did not walk out or ask for the deposition to end.

    Rule 37 sanctions are appropriate where a party acts intentionally to hinder a lawsuit. Collins v. Illinois, 554 F.3d 694 (7th Cir. 2009). In Collins, the pro se plaintiff showed up for her deposition. Id. at 695. But she demanded a list of questions opposing counsel planned to ask her. Id. Opposing counsel refused, but offered to call the magistrate judge to resolve the issue on the spot. Id. The plaintiff walked out. Id. The district court ordered sanctions because it "made an explicit finding that [the plaintiff]'s conduct was

willful in that she refused to wait until the magistrate judge could be contacted" and "gave no legitimate reason for walking out of her deposition." Id.; accord Gillard v. Bd. of Trs. of Cmty. Coll. Dist. No. 508, 393 F. App'x 399, 400 (7th Cir. 2010) ("We can overlook [the plaintiff's] frivolous assertions . . . [but] her fatal mistake was rebuffing defense counsel's plea to remain at his office just a few minutes longer so he could get a ruling on her demand from the district court.")

     Lobrow's concern over the accuracy of her testimony was a legitimate reason, since being deposed via translator is "a circumstance that makes some degree of confusion practically inevitable." Creative Trade Group, Inc. v. Int'l Trade Alliance, Inc., No. 08 C 2561, 2009 WL 3713345, slip op. at *7 n.12 (N.D. Ill. Nov. 4, 2009). While Lobrow's refusal to answer further questions was not clearly proper, the Court cannot say it rises to a level deserving sanctions. Unlike in Collins, here defense counsel made no offers to remedy the situation. To the contrary, plaintiff believed there was a genuine problem and proposed a solution–which defense counsel rejected.

     In general, sanctions for violations of court orders should seek to serve one or more of the following purposes: (1) to remedy the prejudice caused to an innocent party by a violation of the court order; (2) to punish the party who violates an order; and/or (3) to deter others from committing like violations. See generally, Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). A court imposing sanctions must show restraint, the sanction selected must meet "the norm of proportionality," Newman v. Metro. Pier & Exposition Auth., 962 F.2d 589, 591 (7th Cir.1992), and it must be one that "a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." Salgado v. Gen. Motors Corp., 150 F.3d 735, 740 (7th Cir.1998); see also Langley v. Union Elec. Co., 107 F.3d 510, 515 (7th Cir.1997) ("[A]n award of sanctions must be proportionate to the circumstances surrounding the failure to comply with the discovery.").

     Here, the plaintiff, a pro se litigant, has sought to comply with the deposition and her refusal to answer questions has not clearly prejudiced the defendant, assuming it is an innocent party. Nor is the defendant municipality financially hampered by the cost of one deposition. Sanctions would therefore serve none of the three purposes. Furthermore, the Court's July 7, 2010 order required Lobrow to attend a new deposition and to bring her own translator. She apparently did so on Aug. 20, 2010, since a transcript of the session appears as an exhibit to the defendant's Rule 56.1(a) statement, docketed Oct. 27, 2010. Lobrow's subsequent compliance further confirms for the Court that her conduct in her initial deposition was not bad faith or intended simply to slow litigation, making the imposition of sanctions inappropriate.

     For the foregoing reasons, the defendant's Motion for Sanctions under Rule 37 is denied.
     IT IS SO ORDERED.