

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6978 | **DATE** | 6/24/2011 |
| **CASE TITLE** | Lobrow vs. Village of Port Barrington | | |

**DOCKET ENTRY TEXT**

Upon the court's review of Defendant Village of Port Barrington's motion for instructions regarding fees pursuant to Local Rule 54.3 [116], the parties are ordered to take steps to comply with Rule 54.3 consistent with this order. In addition, prevailing party costs under Federal Rule of Civil Procedure 54(d)(1) are awarded to the Village in the amount of $1,035 [108].

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Before the court is Defendant Village of Port Barrington's (the "Village") post-judgment motion for instructions regarding fees pursuant to Local Rule 54.3(g). The parties shall take steps to comply with Rule 54.3 consistent with this order. In addition, prevailing party costs under Federal Rule of Civil Procedure 54(d)(1) are awarded to the Village in the amount of $1,035.

The court on April 27, 2011, entered summary judgment in favor of the Village against Plaintiff Bogumila Lobrow ("Lobrow") on a civil rights claim, which Lobrow is appealing. The order stated that the Village may submit costs pursuant to Local Rule 54.3. Pursuant to the Local Rule, the Village sent Lobrow records supporting fees with cover letters on May 16, 2011, and Jun 7, 2011. Lobrow, a *pro se* litigant, has not responded, according to the Village. The Local Rule requires the parties to confer and attempt to work out an agreed fee amount. If they do not agree in full, the Local Rule directs them to submit a joint statement detailing points of departure. This must all occur within the 91-day window for the Village to file a motion for fees. Pursuant to Local Rule 54.1(g) authority to modify the schedule, the court sets the date for filing the fee motion as August 1, 2011.

Lobrow shall refer to Local Rule 54.3, entitled "Attorney's Fees and Related Non-Taxable Expenses," and make a good faith effort to confer with the Village as soon as is practicable and no later than July 8, 2011. Lobrow and the Village shall either reach an agreement on fees or draft a joint statement listing disputes in accord with the Local Rule, by July 22, 2011. If either of these dates go unmet, the Village may proceed without obligation to negotiate a pre-motion agreement pursuant to Local Rule 54.3(d) or to prepare a joint statement per Local Rule 54.3(e). Instead, the Village may simply file its fees motion, along with records supporting fees and other documentation to otherwise comply with the Local Rule, and have it served on Lobrow. The court may then set an additional schedule.

Furthermore, because of the rocky course of this litigation, the court directs the parties to the cautionary example of Lampley v. Onyx Acceptance Corp., No. 00 C 3901, 2004 WL 1102409 (N.D. Ill. May 10, 2004). In Lampley, the losing party refused to participate in Rule 54.3 negotiations. The Lampley court

| STATEMENT |
|---|

nevertheless allowed the losing party to make objections to the fee motion because, "just as Defendant's counsel stubbornly refused to participate in the process outlined in Local Rule 54.3, Plaintiff's counsel has used an extravagant fee petition as a vehicle to needle Defense counsel one last time." Id. at *4. In light of an earlier motion for sanctions in this case, and now Lobrow's apparent refusal to negotiate (even though negotiating a motion for fees does not impair a party's rights on appeal), the court urges the parties to avoid Lampley's hostility.

IT IS SO ORDERED.