MR

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 6978 | DATE | 3/8/2012 |
| CASE TITLE | Lobrow vs. Village of Port Barrington | | |

## DOCKET ENTRY TEXT

Lobrow must file supplemental materials regarding Defendant's motion for fees [122] on or before March 15, 2012. There will be no further extensions.

*Charles Norgle* (signature)

■ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Respondent Bougmila Lobrow ("Lobrow"), who proceeds pro se, represented to the court in a March 2, 2012 filing that she had insufficient notice to respond to Defendant Village of Port Barrington's fee petition pursuant to Local Rule 54.3. Lobrow blames the Defendant as well as the court's notification system. Defendant's fee petition seeks $25,130 from Lobrow. The fee petition was filed more than seven months ago, on July 28, 2011. Three months before that, the court put both parties on notice that Defendant may seek costs pursuant to Local Rule 54.3. See Minute Order, April 27, 2011.

    Nearly eleven months later, Lobrow represents to the court that she simply did not see Defendant's motion for fees coming. This argument is unavailing. The court on April 27, 2011, entered summary judgment for Defendant, and the Seventh Circuit on December 8, 2011, affirmed this court's order, which provided that Defendant may seek fees and expenses allowed under Local Rule 54.3. On June 17, 2011, Defendant sought instructions from the court because it asserted Lobrow was not fully cooperating. On June 24, 2011, the court instructed the parties to attempt to confer but provided that if such attempt proved unsuccessful, Defendant may unilaterally file its petition.

    On August 19, 2011, the court pursuant to Rule 54.3 permitted Lobrow to make objections to the fee petition, instructing Lobrow that such objections must "specifically identify all hours, billing rates, or other items to which she objects" on or before September 2, 2011. Lobrow did not respond by the deadline. Nor did she respond to the next two extensions the court granted, sua sponte, to October 14, 2011, and November 7, 2011. The court gave Lobrow a final chance to respond by March 2, 2012, which she has done in part.

    Lobrow's filing includes a couple of specific objections, but contains no specific numbers. The filing also registers general objections to the court's decision to award fees, an argument the court rejects. Lobrow's filing suggests that more time will allow her to adequately respond to Defendant's motion for fees. The court is unpersuaded by this line of argument.

    Nevertheless, in light of her shaky claim that notice was in some way inadequate, the court allows Lobrow to file with the court by March 15, 2012, a complete response to Defendant's motion for fees. There

| STATEMENT |
|---|
| will be no further extensions. Lobrow is admonished that any such objections must specifically identify all hours, billing rates, or other items to which she objects. Put another way, Lobrow must identify which specific sums of money in Defendant's fee petition she disagrees with, and why she disagrees.<br>    IT IS SO ORDERED. |