

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6978 | **DATE** | 3/19/2012 |
| **CASE TITLE** | Bogumila Lobrow vs. Village of Port Barrington | | |

**DOCKET ENTRY TEXT**

Defendant's motion for fees [122] is granted in part and denied in part. Defendant is awarded $15,417.50 in fees, which Plaintiff shall pay by April 30, 2012.

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Before the court is Defendant Village of Port Barrington's ("Village") motion for attorney fees pursuant to 42 U.S.C. § 1988 and Local Rule 54.3. For the following reasons, the motion is granted in part and denied in part.

On April 27, 2011, the court entered summary judgment in favor of the Village against Plaintiff Bogumila Lobrow ("Lobrow") on all counts. Lobrow argued that receiving four citations—three for lacking a vehicle sticker, a fourth for running a red light—from Village police over twenty-nine months triggered *Monell* liability under 42 U.S.C. § 1983 for the Village. Actually, Lobrow did not make the argument herself. The argument was the closest approximation of a theory of liability the court could discern from her pleadings. Lobrow v. Vill. of Port Barrington, 08 C 6978, slip op. at 6 (N.D. Ill. Apr. 27, 2011). Lobrow explicitly advanced no cognizable legal theory of municipal liability under § 1983, and advanced next to no evidence of municipal liability. Lobrow similarly failed to offer plausible legal theories or evidence for her procedural due process, substantive due process, and equal protection claims. All of Lobrow's claims were baseless under 42 U.S.C. § 1988. "[Section] 1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" Fox v. Vice, 131 S. Ct. 2205, 2213 (2011) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)); Nisenbaum v. Milwaukee Cnty., 333 F.3d 804, 807-08 (7th Cir. 2003). The court finds Lobrow's claims were frivolous, unreasonable, and without foundation.

Section 1988 "serves to relieve a defendant of expenses attributable to frivolous charges" when the plaintiff "acted wrongly in leveling such allegations," and "the court may shift to [her] the reasonable costs that those claims imposed on [her] adversary." Fox, 131 S. Ct. at 2214 (citing Christiansburg, 434 U.S. at 420-21). The Village is entitled to such costs from Lobrow. The court instructed the parties to comply with Local Rule 54.3. Lobrow failed to cooperate or to make timely objections. The court permitted the Village to file its fee petition unilaterally, which it did. The court sua sponte extended deadlines for Lobrow to object five times over seven months. On the fifth extension, Lobrow filed specific objections to the fee petition. The Village seeks $25,130 for work done by Michael G. Cainkar ("Attorney Cainkar") between January 9, 2009, and July 28, 2011.

"District courts have wide discretion in determining the appropriate amount of attorneys' fees and costs."

| STATEMENT |
|---|

Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 550 (7th Cir. 1999) (citing Bankston v. Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995)). When determining fees, the "district court must 'provide a concise but clear explanation of its reasons for the fee award.'" Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 651 (7th Cir. 2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, (1983)). "A 'reasonable fee' is determined by the facts of the case" and a host of factors, not all relevant here. Blackwell v. Kalinowski, No. 08 C 7257, 2012 WL 469962, at *2 (N.D. Ill. Feb. 13, 2012) (quoting Hensley, 461 U.S. at 430 n.4).

The Village seeks $175 per hour. Attorney Cainkar states in an affidavit his rate range for civil rights defense is $175 to $210, that he has practiced thirty years in Illinois, much of it devoted to civil rights defense, and that $175 is customary for his skill and experience. More importantly, the Village paid a $175 hourly rate for 109.3 hours. "[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them." Id. at 653-54. Lobrow objects on procedural grounds, claiming the Village failed to comply with "Local Rule 54.3(2) . . . to provide evidence that hourly rates are appropriate." Pl.'s Objections to Def. Village of Port Barrington's Request for Attorneys Fees & Expenses 2. There is, however, no "54.3(2)." In any event, the Village has shown the rate is appropriate. Based in part on factors discussed above from Attorney Cainkar's affidavit, and primarily on the Village's payment of the vast majority of hours, the court finds $175 an appropriate hourly fee.

Lobrow objects to thirty-one entries totaling 13.2 hours because "they are third-party communication that were not directly related to plaintiff's claim(s)." Supplement to Pl.'s Objections to Def. Village of Port Barrington's Request for Attorney's Fees & Expenses 1. Lobrow objects to another ten entries totaling 7.6 hours because they are "in connection with a separate lawsuit." Id. at 3. The court notes that Lobrow attached to her supplemental objections several billing statements marked up with highlighter and pen, and she states that "items circled" were "agreed to be dropped by defendant's counsel." Id. at 3. From the court's review, it appears Lobrow does not argue the "items circled" were not "dropped." The circled items do not readily appear in the Village's fee petition. The court does not treat this as a specific objection.

The court sustains Lobrow's specific objections. Attorney Cainkar's communications with a third-party administrator, while described, are not explicitly justified and thus vague. See Blackwell, 2012 WL 469962, at *8; see also Entm't Software Ass'n v. Blagojevich, No. 05 C 4265, 2006 WL 3694851, at *9 (N.D. Ill. Aug. 9, 2006) ("When a fee petition is vague or inadequately documented, a district court may . . . strike the problematic entries."). The thirty-one entries are disallowed. Attorney Cainkar's ten entries related to a separate suit must also be stricken as unnecessary. See SKF USA Inc. v. Bjerkness, No. 08 C 4709, 2011 WL 4501395, at *4 (N.D. Ill. Sept. 27, 2011) ("The court is expected to exclude hours that are "excessive, redundant, or otherwise unnecessary" (quotation omitted) (citing Spegon, 175 F.3d at 552)). These deductions reduce the petition by 20.8 hours.

The court also addresses entries concerning the Village's motion for sanctions and the preparation of the instant motion. The court denied the motion for sanctions, finding the Village's representation of the termination of a deposition was inaccurate, as were the Village's accusations that Lobrow's conduct was "willful" and "contemptuous." The motion unnecessarily prolonged litigation. See id. The court strikes eleven entries (two on 4/30/10, 5/2, two on 5/3, two on 5/5, 5/7, 6/4, 6/16, 6/17) totaling 11.2 hours. As for preparation of the fee petition, time is compensable when proportional, and in this circuit "proportional" is 5% to 10% of the total hours spent on the case. Blackwell, 2012 WL 469962, at *10 (quoting and citing Delgado v. Vill. of Rosemont, No. 03 C 7050, 2006 WL 3147695, at *4 (N.D. Ill. Oct. 31, 2006)). Of 143.6 hours listed in the fee petition, entries show Attorney Cainkar logged approximately 31.5 hours concerning the fee petition, or 22% of the total hours. This is excessive. See id. The number is therefore reduced by 23.5 hours to 8 hours, or 5% of the total hours.

In sum, the court deducts 20.8 hours for problematic entries highlighted by Lobrow; 11.2 hours for a meritless sanctions motion; and 23.5 hours in order to render time preparing the fee petition compensable. The total reduction is 55.5 hours, which at $175 per hour is $9,712.50. The Village's request of $25,130 is reduced by $9,712.50 to $15,417.50. The Village is awarded $15,417.50 in fees, which Lobrow shall pay by April 30, 2012.
    IT IS SO ORDERED.